## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**LESLIE URBAS, on behalf of**
**herself and on behalf of all**
**others similarly situated,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　**Case Number:**

**NUTRITIOUS LIFESTYLES, INC.,**
**and JANET MCKEE, an individual,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Named Plaintiff LESLIE URBAS, on behalf of herself and all others similarly situated , by and through undersigned counsel, hereby sues Defendants NUTRITIOUS LIFESTYLES, INC., and JANET MCKEE, in her individual capacity, and states as follows:

## JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

3. Defendant NUTRITIOUS LIFESTYLES, INC. ("Corporate Defendant Nutritious") is a Florida corporation with its principal place of business in Orlando, Florida. Defendant JANET MCKEE ("MCKEE") is the owner, director, and president of NUTRITIOUS LIFESTYLES, INC. In that capacity MCKEE controlled all facets of the operation of Corporate Defendant Nutritious, including hiring and firing, setting of wage and compensation rates, hours worked, and all employment-related policies.

4. Plaintiff LESLIE URBAS is a resident of Jacksonville, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff and similarly situate employees are required to perform work off the clock.

6. Defendants pay Plaintiff and other employees on an hourly basis and classify Plaintiff and other employees as "non-exempt" under the FLSA. The majority of Defendant's workers are full-time employees scheduled to work 40 hours per week.

7. Defendant MCKEE implemented a policy that no employee is allowed to work overtime.

8. However, Plaintiff and all similarly situated employees are required to work off the clock to attend meetings, answer emails, and perform works tasks to meet the job requirements.

9. Consequently, Plaintiff and all similarly situated were and continue to be denied compensation for all hours worked.

10. Defendants NUTRITIOUS LIFESTYLES, INC and MCKEE have been sued by its employee for FLSA violations in the past, e.g., *Weinstein et.al. v. Nutritious Lifestyles, Inc., Middle District of Florida,* Case No. 6:12-cv-152-ORL-18-KRS, making their violations here willful

11. As a part of MCKEE'S duties, she exercised complete control over the wages and hours of Plaintiff. She also controlled the payroll practices of Defendant NUTRITIOUS LIFESTYLES, INC.

12. Through the exercise of dominion and control over all employee-related matters at NUTRITIOUS LIFESTYLES, INC., in her individual capacity Defendant MCKEE is an "employer" within the meaning of the FLSA.

13. Defendant's employees are not allowed to accurately record all of the time they work. According to Defendant's policy, employees must attend meetings, phone conferences, answer emails and perform work tasks. A number of critical tasks must be performed to meet the requirements of the job. These tasks include (1) logging on to a computer; (2) logging on to Defendant's network; (3) opening relevant computer programs and software applications; (4) reviewing memoranda and e-mail; (5) summarizing notes from previous telephone calls; and (6) completing other essential tasks. In accordance with Defendants' policy, employees are required, or encouraged to, complete these essential tasks without reporting it on their time card if it exceeds 40 hours, at the direction of Defendants.

14. Employees are not permitted to, or encouraged not to, report any hours that exceed 40. Similarly, employees are required to, or encouraged to, clock out immediately

once they reach. Because Defendants' policy is to record only the time that does not exceed 40, they do not pay their employees for all the integral and indispensable tasks that are necessary for employees to perform their job.

15. Defendants could easily and accurately record the actual time employees spend working, for example, by reporting all compensable time.

16. Defendants' policy and practice fails to pay overtime compensation and willfully fails to keep accurate time records. Defendants enjoy ill-gained profits at the expense of its hourly employees.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff re-asserts and re-allege the allegations set forth in paragraphs 1 through 18 above.

18. Plaintiff brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> all current and former hourly employees employed by Defendants who have worked at any time during the last three (3) years within the United States who were not paid overtime for all hours worked.

19. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

20. Plaintiff, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and

identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I – FLSA OVERTIME VIOLATION

21. Plaintiff re-assert and re-allege the allegations of paragraphs 1 through 20 above.

22. At all times material herein, Plaintiffs is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

23. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.SC. § 27(a)(1).

24. Defendants are subject to the overtime pay requirements of the FLSA because they are in an enterprise engaged in interstate commerce and their employees are engaged in commerce.

25. Defendants violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by their employees.

26. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiff or employees.

27. Plaintiff, and all similarly situated employees, are victims of a uniform and facility-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all employees in Defendant's company.

28. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

29. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

30. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly-situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated

damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their right to participate in this case; (6) a declaration that Defendant's policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of July, 2019.

Respectfully submitted,

*/s/ Brandon J. Hill*

**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorney for Plaintiffs**

**and**

        **CHAD A. JUSTICE**
        Florida Bar Number: 121559
        **JUSTICE FOR JUSTICE LLC**
        1205 N Franklin St., Suite 326
        Tampa, Florida 33602
        Direct No. 813-566-0550
        Facsimile: 813-566-0770
        E-mail: chad@getjusticeforjustice.com
        **Attorney for Plaintiff**