**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**LESLIE URBAS, on behalf of
herself and on behalf of all
others similarly situated,**

    Plaintiff,

v.                                        Case No. 3:19-cv-00855-MMH-PDB

**NUTRITIOUS LIFESTYLES, INC.,
and JANET MCKEE, an individual,**

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE
## OF FAIR LABOR STANDARDS ACT CLAIMS

    This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by Leslie Urbas ("Plaintiff") and Nutritious Lifestyles, Inc. ("Defendant NLI,") and Janet McKee ("Defendant McKee") (collectively "Defendants").

    WHEREAS, Plaintiff filed the above-styled lawsuit against Defendants, alleging overtime compensation was due to her pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); and

    WHEREAS the parties to this Agreement have agreed to resolve the claims they have against each other in relation to the FLSA; and

    NOW, THEREFORE in exchange for the promises and considerations set forth below, the sufficiency of which is hereby acknowledged, the parties agree as follows:

    1.    The payment set forth in paragraph 2, below, constitutes full payment of all of Plaintiff's alleged unpaid overtime wages, liquidated damages, and attorneys' fees for Plaintiff's claims under the Fair Labor Standards Act in the above-styled lawsuit, and Plaintiff

**EXHIBIT A**

and Defendants agree to file a Motion for Approval of the terms of this Settlement Agreement and Release of Fair Labor Standards Act Claims and to seek dismissal of those claims, with prejudice.

2. In exchange for and in consideration of the release and promises of Plaintiff contained herein, Defendants agree to pay Plaintiff the total sum of $17,000.00 (Seventeen Thousand Dollars and No Cents), associated with Plaintiff's claims under the Fair Labor Standards Act as follows:

(a) $4,750.00, for alleged unpaid overtime wages, minus standard withholdings and taxes, for which an IRS Form W-2 shall issue to Plaintiff; and

(b) $4,750.00, for alleged liquidated damages, for which Plaintiff will provide an IRS W-9 form and an IRS Form 1099 shall issue to Plaintiff; and

(c) $7,500.00, for alleged attorney's fees and costs, for which IRS Forms 1099 shall issue to both Plaintiff's counsel (for $7,500.00) and to Plaintiff (for $7,500.00).

3. Defendants shall pay the $17,000.00 to counsel for Plaintiff, as set forth above, fourteen (14) days after the Court has entered its order dismissing Plaintiff's FLSA claims with prejudice.

4. In exchange for, and in consideration of the payments set forth in paragraph 2 above, Plaintiff, for herself and her heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases: (i) Defendant Janet McKee and her and her heirs, executors, administrators, successors and assigns and (ii) Defendant, NLI, and its subsidiaries, parents, related individuals and companies, and its boards of directors, shareholders, officers, employees, members, partners, agents, attorneys, insurers, representatives, heirs, successors and assigns ((i) and (ii) are, collectively, the "Released Parties") from any and all

grievances, suits, liabilities, commitments, obligations, costs, expenses, demands, damages, actions, proceedings and claims of any nature under the Fair Labor Standards Act, related to Plaintiff's employment with Defendant NLI up to and including the date of execution of this Agreement. Plaintiff.

  5. For purposes of complying with the tax laws of the United States and the State of Florida, Plaintiff understands and agrees that she is responsible to pay any taxes due, associated with the payments identified in paragraph 2.

  6. This Agreement is not, in any way, an admission by any party of any allegation, issue, fact or conclusion of law involving, concerning or in any way referencing Plaintiff's employment with Defendant NLI.  Defendants deny having committed any violation of law.

  7. Except as provided herein, the parties are solely responsible for their respective costs and fees incurred as a result of the disputes involving the Fair Labor Standards Act.

  8. The law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida. The parties agree that any dispute between the parties concerning the interpretation, application, or claimed breach of this Agreement shall be submitted to shall be brought in a state or federal court of competent jurisdiction within Hillsborough County, Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof.  Each of the parties hereto hereby expressly waives any and all objections it may have to venue, including, without limitation, personal jurisdiction and/or the inconvenience of such forum, in any of such courts.

9. In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching Party will be entitled to bring suit to recover any and all damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement. If the non breaching Party should prevail in such suit, the breaching Party shall compensate the non breaching Party for any and all attorney's fees, costs and expenses created in enforcing this Agreement.

10. This Agreement is effective upon execution but may be subject to approval by the Court. If the Court does not allow a settlement under the terms submitted to it, this Agreement is void and the parties shall proceed with litigation.

11. This Agreement may not be amended except by written amendment signed by all parties.

12. The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any party.

13. Plaintiff acknowledges that by entering into this Agreement, Plaintiff does not waive FLSA rights or claims that may arise after the date this Agreement is executed.

14. This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

15. Plaintiff has been advised to consult an attorney before entering into this Agreement, and Plaintiff has in fact consulted with her attorney.

16. Plaintiff affirms that she has carefully read this entire Agreement and fully

understands all the terms contained herein, including, but not limited to, the fact that it is a full, complete, irrevocable and unconditional release of all of her claims under the Fair Labor Standards Act and that she executes this Agreement voluntarily with full knowledge of its significance and the consequences thereof.

_____
**LESLIE URBAS**

Date: _____12 / 19 / 2019_____


**NUTRITIOUS LIFESTYLES, INC.**

By: _____

Date: _____


_____
**JANET MCKEE**

Date: _____

35132725.1

understands all the terms contained herein, including, but not limited to, the fact that it is a full, complete, irrevocable and unconditional release of all of her claims under the Fair Labor Standards Act and that she executes this Agreement voluntarily with full knowledge of its significance and the consequences thereof.

_____
**LESLIE URBAS**

Date:_____


**NUTRITIOUS LIFESTYLES, INC.**

By: _____

Date: 12/26/19

_____
**JANET MCKEE**

Date: 12/26/19


35132725.1